No. 68,303

In the Matter of MARK R. PLETTNER, *Respondent.*

(840 P.2d 526)

Opinion filed October 30, 1992.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for the petitioner.

*Craig E. Collins,* of Topeka, argued the cause for respondent.

PER CURIAM: This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Mark R. Plettner, of Topeka, Kansas, an attorney admitted to the practice of law in Kansas.

The complaints filed against Plettner allege violations of the Model Rules of Professional Conduct (MRPC) 1.3, diligence (1991 Kan. Ct. R. Annot. 232); MRPC 1.4(a) communication (1991 Kan. Ct. R. Annot. 234); MRPC 1.15, safekeeping property (1991 Kan. Ct. R. Annot. 263); MRPC 1.5, fees (1991 Kan. Ct. R. Annot. 236); MRPC 1.16, declining or terminating representation (1991 Kan. Ct. R. Annot. 267); MRPC 3.2, expediting litigation (1991 Kan. Ct. R. Annot. 275); MRPC 8.4, misconduct (1991 Kan. Ct. R. Annot. 308); and Supreme Court Rule 207, duties of the bar and judiciary (cooperation with the Disciplinary Administrator's Office) (1991 Kan. Ct. R. Annot. 149). The complaints were consolidated (B5086 and B5270). The facts were presented to a hearing panel of the Kansas Board for Discipline of Attorneys (the panel) by stipulation.

## Stipulation—The Kaytes Matter

1. Mark R. Plettner is an attorney licensed to practice law in Kansas.

2. Albert J. Kaytes, a resident of Philadelphia, Pennsylvania, retained the firm of Morris and Plettner, Chartered, to file a foreclosure action on his behalf.

3. The petition was filed by Plettner's partner, Scott Morris, on January 14, 1988. In March 1988, Plettner assumed responsibility for Kaytes' case. Default judgment was entered on April

26, 1988. A sheriff's sale was held on June 23, 1988, at which the property was sold to Kaytes for the amount of his judgment. On September 16, 1988, an order confirming the sheriff's sale was filed.

4. On June 17, 1988, Kaytes wrote to Plettner requesting information. Plettner responded to this memo and advised Kaytes the property had been sold to Kaytes for the amount of his judgment. Plettner further indicated he was pursuing confirmation of the sale and post-judgment proceedings to obtain title to and possession of the property. This response is not dated.

5. On July 14, 1988, Plettner sent a statement for services rendered to Kaytes. On July 17, 1988, Plettner sent a letter to Kaytes informing him of an error in the statement. On July 20, 1988, Kaytes wrote to Plettner, instructing him to retain a $216.20 overpayment for future costs. From this date until February 12, 1990, Plettner had no further contact with Kaytes unless the undated memo was received after this time.

6. Kaytes made numerous requests for information and advice including the following:

(a) Letter dated July 12, 1988, enclosing bills from the Shawnee County Treasurer and requesting advice on payment of the bills and eviction of the defendant from the property;

(b) Letter dated July 20, 1988, inquiring whether the defendant had been removed from the property and about the prospects for sale of the property;

(c) Letter dated August 31, 1988, inquiring as to the status;

(d) Letter dated November 8, 1988, inquiring as to the status;

(e) Letter dated January 10, 1989, reminding Plettner of previous requests and inquiring as to the status;

(f) Letter dated October 25, 1989, imploring Plettner to advise him of the status;

(g) Letter dated January 3, 1990, inquiring as to the status and informing Plettner of his hope that it would not be necessary to go to the Bar Association.

On February 21, 1990, Plettner wrote to Kaytes advising him that he had not received any offers on the property and that Kaytes may wish to consider listing the property with a local realtor. Thereafter, all communication from Plettner ceased.

7. Thereafter, Kaytes made numerous requests for information, including the following:

(a) Letter dated February 27, 1990, requesting verification that the taxes are paid and requesting a sheriff's deed;

(b) Letters dated April 4, 1990, May 2, 1990, and June 7, 1990;

(c) Letter dated October 4, 1990, expressing frustration with the lack of communication and requesting the sheriff's deed and verification that taxes are paid;

8. On July 20, 1990, Kaytes wrote to the Kansas Bar Association seeking its assistance in obtaining a reply from Plettner.

9. On November 8, 1990, Kaytes filed a complaint with the Disciplinary Administrator's Office.

10. On November 19, 1990, Stanton A. Hazlett, Deputy Disciplinary Administrator, wrote to Plettner, enclosing a copy of the complaint from Albert Kaytes and requesting a response within 15 days. No response was received.

11. On December 20, 1990, Hazlett wrote to Plettner, enclosing a copy of the earlier letter and the complaint for Kaytes and requesting an explanation within 10 days. Hazlett further informed Plettner that if no response were received, the matter would be docketed and sent for formal investigation. No response was received.

12. On January 24, 1990, Hazlett caused the complaint of Kaytes to be docketed and requested a response within 10 days. No response was received.

13. The matter was assigned for investigation to J. Steven Pigg, a member of the Topeka Bar Association Ethics Committee. On February 25, 1991, Pigg wrote to Plettner requesting a written response within 10 days. No response was received.

14. On March 19, 1991, Pigg spoke with Plettner by phone. Plettner promised to mail a written response the following day. No response was received.

15. On April 24, 1991, Pigg wrote to Plettner indicating that if a response was not received within 5 days the report would be submitted based solely on the information provided by Kaytes. No response was received.

16. The above-stated acts of respondent, Mark R. Plettner, clearly violate MRPC 1.3 and 1.4 and Supreme Court Rule 207.

## Stipulation—The Balusek Matter

1. Mark R. Plettner is an attorney licensed to practice law in Kansas.

2. On February 7, 1990, Donita Balusek entered into a contingent fee agreement with Plettner to represent her as a result of a January 25, 1990, automobile accident in which she was involved. Balusek was involved in another automobile accident on March 12, 1990. Plettner also agreed to represent Balusek in the second accident. No written contract was entered into by Plettner and Balusek with respect to the accident on March 12, 1990.

3. On February 7, 1990, Plettner notified Shelter Insurance Company that he was representing Balusek. Shelter was Balusek's insurance carrier. Shelter made repeated demands on Plettner to provide information to them regarding the collision damage done to Balusek's car in the accident. Plettner failed to respond to these requests for information.

4. Shelter, at various times, sent Plettner letters which contained checks made payable to Balusek's medical care providers. Plettner failed to forward these checks to the proper parties.

5. Balusek experienced communication problems with Plettner throughout 1990 and into 1991.

6. On May 13, 1991, Balusek met with Plettner to discuss the two cases. Balusek was told by Plettner that he would prepare and send to her certain documents related to her case within one week. Balusek believed the information to be provided to her would contain the amount of money which would be demanded to settle the claims arising out of the automobile accidents. The documents were not provided within one week.

7. Balusek attempted many times to contact Plettner to find out when he would send her the documents. Plettner did not return Balusek's calls. Balusek was finally able to contact Plettner in the first part of June at which time she was told by Plettner that he was having emotional problems. Plettner attributed the delay in providing the paperwork to his emotional difficulties. Plettner again stated that he would provide the documents to Balusek quickly.

8. Balusek next spoke to Plettner on July 8, 1991. This contact occurred after Plettner had failed to return numerous phone calls by Balusek. In the July 8 conversation, Plettner promised to deliver the documents to Balusek's office. He failed to do so.

9. Balusek sent Plettner a certified letter on July 18, 1991, in which she expressed dissatisfaction with his representation and asked that he contact her by July 26, 1991. Balusek continually tried to contact Plettner by phone until she was successful on July 31, 1991. Plettner told Balusek that he would review her July 18, 1991, letter to him and then call her. He failed to do so.

10. Balusek again made numerous unsuccessful attempts to call Plettner through the first 20 days of August. On August 22, 1991, Balusek wrote another letter to Plettner in which she terminated Plettner's services. Balusek then hired a new attorney.

11. The above-stated acts of respondent, Mark R. Plettner, clearly violate MRPC 1.3 and 1.4.

### The Panel's Findings

"The panel hereby accepts and adopts as its findings, the stipulations as offered. Based upon these stipulations, the hearing panel finds that Respondent violated Model Rules of Professional Conduct 1.3 and 1.4 and Supreme Court Rule 207 with respect to claim number B5086 [complainant Kaytes] and violated the Model Rules of Professional Conduct 1.3 and 1.4 in claim number B5270 [complainant Balusek]."

### The Panel's Recommendation

"Based upon consideration of the facts as stipulated, the aggravating and mitigating evidence as presented [no specifics were stated], the hearing panel concludes that the discipline recommended by the Disciplinary Administrator's Office and agreed to by the Respondent is appropriate for the circumstances of this case and recommends that the following sanctions be entered against Mr. Plettner:

1. Public Censure of Mr. Plettner.
2. Probation for one year with supervision of Mr. Plettner's practice of law by Mr. Craig E. Collins. Mr. Collins will make quarterly reports to the Disciplinary Administrator's Office on the status of Mr. Plettner's practice and his ability

to practice law. The schedule for the reports will be set by the Disciplinary Administrator's Office.

3. Mr. Plettner shall continue in some type of psychological counselling, including either group therapy or private therapy. Mr. Plettner shall report on a quarterly basis to the Disciplinary Administrator's Office. The report shall include verification that he is in therapy and shall report on the progress of such therapy. The reports shall be made for a period of one (1) year on a schedule set by the Disciplinary Administrator.

"The costs of these proceedings are to be assessed against the Respondent."

We adopt the panel's findings. Except as to public censure, we adopt the panel's discipline recommendation. We conclude that, rather than publicly censuring respondent, discipline should be suspended and respondent should be placed on probation for one year from this date on the terms and conditions recommended by the panel.

IT IS THE ORDER OF THE COURT that the imposition of greater discipline against Mark R. Plettner be and is hereby suspended, and he is placed on probation for a period of one year from this date.

IT IS FURTHER ORDERED that during the probation period, Plettner's practice of law be supervised by Craig E. Collins, with quarterly reports to the Disciplinary Administrator's Office on the status of Plettner's practice and his ability to practice law. The schedule for the reports will be set by the Disciplinary Administrator.

IT IS FURTHER ORDERED that Plettner shall continue in some type of psychological counseling, including either group therapy or private therapy. Plettner shall report on a quarterly basis to the Disciplinary Administrator's Office. The report shall include verification that he is in therapy and shall report on the progress of such therapy. The reports shall be made for a period of one year from this date on a schedule set by the Disciplinary Administrator.

IT IS FURTHER ORDERED that in the event Plettner fails to abide by the conditions set forth herein, a show cause order shall issue to Plettner, and this court shall take whatever disciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that Plettner pay the costs of these proceedings.